

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-17-00383-CR
### NO. 02-17-00384-CR

DUSTIN LEE WATERS                                                          APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NOS. 1448778D, 1478619D

----------

## MEMORANDUM OPINION[1]

----------

In a single issue, Appellant Dustin Lee Waters appeals his convictions for robbery (Cause No. 1478619D) and theft (Cause No. 1448778D). *See* Tex. Penal Code Ann. § 29.02 (West 2011), § 31.03 (West Supp. 2017). Because he failed to preserve his argument by presenting it to the trial court, we affirm the trial court's judgments.

---

[1]*See* Tex. R. App. P. 47.4.

**Background**

In June 2016, Appellant was charged with theft in Cause No. 1448778D. He received deferred adjudication in exchange for two years' community supervision. While on community supervision, Appellant violated its terms by robbing then-79-year-old Helen Bowie in the parking garage of Cook Children's Hospital.

On the evening of November 21, 2016, after finishing her shift at her job in Cook's gift shop, Bowie walked to her car, which was parked in a handicapped spot because Bowie used a walker. As she placed her walker in the back of her SUV, closed the door, and began to open the door to the driver's seat, Appellant suddenly approached her from behind, touched her on both shoulders, and said, "Stop right there. That's as far as you're going. Give me your keys." Bowie resisted, responding, "Oh, hell, no. You're not getting my keys[!]" Although admittedly scared, Bowie began to fight and scream, "Help me[!] He is trying to steal my car[!]" thinking to herself, "Well, if he's going to kill me, I'm going out fighting and screaming."

Bowie and Appellant wrestled over her car keys and somehow—Bowie was unsure if she stumbled and fell or if Appellant pushed her—Bowie ended up on the floor of the parking garage and Appellant grabbed her keys. Appellant jumped into the car and started it but was thwarted when one of Bowie's coworkers drove his own vehicle behind Bowie's, blocking Appellant and the

vehicle in the parking space. Appellant backed into the coworker's car, grabbed a GPS device out of the car, got out, and ran away.

Appellant was later arrested and charged with aggravated robbery, theft, injury to an elderly person, and theft of a vehicle in Cause No. 1478619D. Based in part on those charges, the State petitioned to proceed to adjudication in Cause No. 1448778D. Appellant pleaded true to the allegations supporting adjudication in Cause No. 1448778D and pleaded guilty to the lesser-included offense of robbery in Cause No. 1478619D.

The trial court conducted a combined sentencing hearing. In addition to describing the events of the robbery, Bowie testified to its immediate and ongoing effects. Initially, because Appellant escaped with her GPS device, which contained her home address, and because she could not find her house keys after the incident, Bowie feared that Appellant might come to her house, so she had her locks changed the day after the incident. Physically, Bowie sustained a scrape on her hand from the altercation and testified that her body was sore all over for four or five days. Mentally, Bowie suffered flashbacks after the incident, became much more cautious and aware of her surroundings, and felt as though her privacy had been violated. She explained that because she "never felt safe in the car again," she traded it in. She never returned to the parking garage, instead making alternative parking arrangements so that she felt safe going to work.

Bowie testified, "I would like [Appellant] to be put away for a while, because if he would do it to me, an 80-year-old woman, and I was a strong woman, what would he do to a young woman that maybe had an armful of children."

The trial court convicted Appellant of theft in Cause No. 1448778D and sentenced him to two years' imprisonment. In Cause No. 1478619D, the trial court found Appellant guilty of robbery and sentenced him to 20 years' confinement, the maximum sentence available, "because [he] victimized an 80-year-old lady."

## Discussion

Appellant argues that the trial court erred in sentencing him to the maximum sentence available. He argues in particular that the punishment is disproportionate to the crime because of "the minor injury to the victim, which may or may not have been caused by Appellant."

Even if we were to agree with Appellant's premise, his argument fails because he did not object to the sentence at the time it was imposed by the trial court. *See* Tex. R. App. P. 33.1(a)(1)(A) (requiring that a party make a timely request, objection, or motion in order to preserve a complaint for appellate review). It is well-established that a complaint that a sentence is disproportionate or constitutes cruel and unusual punishment must be raised in the trial court or it is forfeited. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). We therefore overrule Appellant's sole issue.

4

## Conclusion

Having overruled Appellant's only issue on appeal, we affirm the trial court's judgments.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

PANEL:  SUDDERTH, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 12, 2018